UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

CHRISTINE O'SHEA,

        Plaintiff,                       **JURY TRIAL DEMANDED**

v.

MERYEM, INC. a Florida for-profit corporation
d/b/a BABCOCK MOBIL, and d/b/a WABASSO
CHEVRON, and KURDET TURKMEN a/k/a
KUDRET TURKMEN,

        Defendants.
_____/

## COMPLAINT FOR DAMAGES

CHRISTINE O'SHEA, ("O'SHEA"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, MERYEM, INC., a Florida for-profit corporation d/b/a BABCOCK MOBIL, and d/b/a WABASSO CHEVRON, (hereinafter "MERYEM), and KURDET TURKMEN a/k/a KUDRET TURKMEN, (hereinafter "TURKMEN"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, MERYEM was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the

corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, MERYEM and TURKMEN operated a gas station and convenience store. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, O'SHEA was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, MERYEM, was conducting business in Sebastian, Indian River County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants, MERYEM and TURKMEN were the employers of Plaintiff, O'SHEA.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, O'SHEA her lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, MERYEM was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, O'SHEA was directly essential to the businesses performed by Defendants.

16. Plaintiff, O'SHEA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about July 14, 2016, Plaintiff, O'SHEA was hired by the Defendants as a clerk and cashier at the Defendants' gas station and convenience store. Her employment terminated on November 25, 2016.

18. Plaintiff, O'SHEA was supposed to be paid an hourly wage of $8.50 per hour.

19. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

20. Defendant, TURKMEN was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

21. Defendant, TURKMEN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, O'SHEA.

22. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, O'SHEA repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, O'SHEA's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, O'SHEA was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, O'SHEA intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, O'SHEA at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, O'SHEA of her rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, O'SHEA is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendants, Plaintiff, O'SHEA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, O'SHEA respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: January 13, 2017.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        1930 Tyler Street
        Hollywood, FL 33020
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: s/. Peter Bober
            PETER BOBER
            FBN: 0122955
            SAMARA BOBER
            FBN: 0156248